Alva F. LOOMIS, Plaintiff–Appellant,

v.

CHRYSLER CORPORATION and Local 12, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America–UAW, Jeep Unit, Defendants–Appellees.

No. 99–4064.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2001.

Before DAUGHTREY and MOORE, Circuit Judges, and CLELAND,* District Judge.

PER CURIAM.

The plaintiff. Alva Loomis, sued defendants Chrysler Corporation, Inc., and UAW Local 12 for violations of the Americans with Disabilities Act and breach of the duty of fair representation. Chrysler moved for dismissal of the claims under Fed.R.Civ.P. 12(b)(6), and the court granted its motion. After the order of dismissal was entered, Loomis filed motions to alter or amend the court's judgment and to amend his complaint, in an attempt to correct deficiencies that resulted in the dismissal. The court denied both motions. Subsequently, the district court granted the union summary judgment on the remaining claims. Loomis now appeals, raising multiple grounds for reversal. His notice of appeal, however, is limited to the order of the district court granting summary judgment to the union and the order denying the plaintiff's motions for leave to file a second amended complaint and to alter or amend the court's judgment. Our

* The Hon. Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

review is therefore limited to those rulings of the district court.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. The court properly denied the motion to alter or amend because no final judgment had been entered in the case at the time the motion was filed. Denial of the motion for leave to file an amended complaint was also proper, based on the district court's determination that the additional matters proffered by the plaintiff would not have been sufficient to make out a prima facie case. Finally, we conclude that the action against the union was properly dismissed on summary judgment, both because there was no proof of a breach of the union's duty of fair representation and because the plaintiff failed to establish that he had exhausted his internal union remedies before filing suit.

Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its orders dated June 22, 1999.